[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 402.]

CINCINNATI BAR ASSOCIATION *v.* THOMAS.

[Cite as *Cincinnati Bar Assn. v. Thomas*, 2001-Ohio-1344.]

*Attorneys at law—Misconduct—Public reprimand—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice.*

(No. 01-799—Submitted June 20, 2001—Decided September 19, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-64.

_____

*Per Curiam.*

{¶ 1} On August 14, 2000, relator, Cincinnati Bar Association, filed a complaint charging respondent, Leslie F. Thomas of Cincinnati, Ohio, Attorney Registration No. 0064995, with violating the Code of Professional Responsibility when representing Carolyn Thomason. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on stipulations and testimony at a hearing on January 19, 2001, the panel found that Carolyn Thomason retained respondent to represent her in a divorce proceeding. On July 28, 1999, she visited respondent's office and reviewed and signed numerous documents to be filed the next day. When respondent prepared to take the papers to court, she realized that her client had not signed one of the documents to be filed, an affidavit in support of a motion for a restraining order. Because Thomason wanted the divorce action and particularly the motion for a restraining order filed as soon as possible, respondent called Thomason where she worked and obtained verbal permission to sign her name. Respondent then signed Thomason's name to the affidavit but did not indicate thereon that the

signature was made with telephone permission. Respondent thereafter notarized her rendition of Thomason's signature, stating in the notary subscription that Thomason had personally appeared before her and verified the facts, which was true, and "affixed her signature," which was not true. Respondent filed the documents later the same day.

{¶ 3} On Friday, July 30, 1999, the judge of the common pleas domestic relations court issued a temporary restraining order against Thomason's spouse based on the affidavit. Erroneously interpreting the restraining order, which enjoined only disposing of or encumbering property, the police required Thomason's husband to leave the marital home.

{¶ 4} On Monday, August 2, 1999, four days after the affidavit was filed, the spouse's counsel, noticing a discrepancy between the signature on this affidavit and signatures on the other documents, brought this discrepancy to the attention of respondent. At opposing counsel's suggestion, respondent filed a properly signed and notarized amended affidavit the next day, with exactly the same information as the first affidavit, without withdrawing the first affidavit or notifying the court that it was improperly notarized.

{¶ 5} The judge, observing the amended affidavit, which duplicated an existing affidavit, asked respondent why she had filed it. At a meeting with opposing counsel in the judge's office on August 6, 1999, respondent explained the situation.

{¶ 6} The panel concluded that respondent's acts violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). The panel noted in mitigation that respondent had not previously been disciplined for violating the rules of professional conduct, that she took prompt steps to remedy the situation, and that no party was harmed by her actions. The panel recommended that respondent

receive a public reprimand. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 7} We have reviewed the record in this case and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Julie Bissinger* and *Deborah DeLong,* for relator.

*John H. Burlew,* for respondent.

_____