OFFICE OF DISCIPLINARY COUNSEL v. MEZACAPA.

[Cite as *Disciplinary Counsel v. Mezacapa,*
101 Ohio St.3d 156, 2004-Ohio-302.]

(No. 2003–1809—Submitted December 1, 2003—Decided February 11, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Victor Anthony Mezacapa III of Cleveland, Ohio, Attorney Registration No. 0052023, was admitted to the Ohio bar in 1991. On April 14, 2003, relator, Disciplinary Counsel, filed a complaint charging respondent with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement, which included a joint recitation of the facts, admitted misconduct, and suggested sanction.

{¶ 2} The parties agreed that a client had retained respondent in or around June 1998 to represent her in a postdivorce custody proceeding. In December 2001, the client asked him to file a motion to modify her child-support payments. Respondent promptly prepared the motion and an accompanying affidavit for filing in the Lake County Court of Common Pleas, Juvenile Division. To accommodate his client, respondent obtained her permission to sign the affidavit on her behalf. But in notarizing the signature on the affidavit, respondent did not indicate that he had signed the client's name with her permission. He instead notarized the signature as his client's own, representing that it had been "sworn to and subscribed before" him on January 10, 2002. Respondent filed the motion and affidavit on January 22, 2002.

{¶ 3} The parties agreed that respondent had violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and (5) (engaging in conduct prejudicial to the administration of justice) in falsely representing the authenticity of his client's signature. The parties also stipulated mitigating factors and jointly suggested that respondent should be publicly reprimanded for this misconduct.

{¶ 4} After considering that respondent had no prior disciplinary record, had not committed his misconduct out of self-interest, had tried to rectify the consequences of his misconduct, had fully disclosed his misconduct, and had a fine character and reputation, the panel accepted the parties' consent-to-discipline agreement. The panel thus found respondent in violation of DR 1–102(A)(4) and (5) and recommended a public reprimand. The board also accepted the agreement, found the proposed misconduct, and recommended a public reprimand.

{¶ 5} We agree that respondent committed the cited misconduct and that a public reprimand is appropriate. *Cincinnati Bar Assn. v. Thomas* (2001), 93 Ohio St.3d 402, 754 N.E.2d 1263. Accordingly, respondent is hereby publicly

reprimanded for having violated DR 1–102(A)(4) and (5). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

John A. Fatica, for respondent.