MAHONING COUNTY BAR ASSOCIATION v. MELNICK.

[Cite as Mahoning Cty. Bar Assn. v. Melnick,
107 Ohio St.3d 240, 2005-Ohio-6265.]

(No. 2005–1157—Submitted August 23, 2005—Decided December 14, 2005.)

**Per Curiam.**

{¶ 1} Respondent, Robert Melnick of Salem, Ohio, Attorney Registration No. 0014788, was admitted to the practice of law in Ohio in 1983.

{¶ 2} On December 6, 2004, relator, Mahoning County Bar Association, charged that respondent had notarized three affiants' signatures without having witnessed them and had thereby violated DR 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation). A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on the parties' stipulations and other evidence, found the DR 1–102(A)(4) violation and recommended that respondent be publicly reprimanded. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

## Misconduct

{¶ 3} In 2003, respondent represented Prudential Property and Casualty Insurance Company in a subrogation lawsuit against Ohio Edison. The suit alleged that Ohio Edison employees had caused a residential fire by negligently repairing a fallen power line.

{¶ 4} Respondent hired a private investigator to interview residents of the neighborhood where the electrical line fell. The investigator gave respondent a

written report of his investigation, including the investigator's discussions with the neighborhood residents. With this information, respondent prepared affidavits for several residents to sign, planning to file the affidavits as part of his response to Ohio Edison's motion for summary judgment.

{¶ 5} Respondent is a reserve officer in the Army Judge Advocate General Corps and was at this time on orders to leave for Germany in advance of the war on Iraq. With time running out before his deployment, respondent instructed Louis Woolley, the owner of the fire-damaged dwelling and Prudential's insured, to circulate the affidavits for the corresponding residents' review. Woolley circulated the affidavits for review; however, he also obtained signatures on three affidavits.

{¶ 6} Within days after he returned from Germany, respondent was ordered to go to Fort Belvoir, Virginia, as part of his military duties. Again because of his pressing military commitment and also because he had known Woolley for some time, respondent trusted Woolley's assurances that the signatures on the affidavits were authentic. Respondent then notarized the signatures, although he had not complied with the jurat representation that the signatures were sworn to and subscribed in his presence.

{¶ 7} Within days, respondent spoke with each affiant in person to confirm that his or her signature was authentic. Respondent then filed the affidavits in court as planned.

{¶ 8} During their depositions in May 2003, the three affiants advised counsel for Ohio Edison that respondent had not actually witnessed their signatures when they signed their affidavits and that only Woolley had been present. Some time thereafter, respondent dismissed the Ohio Edison suit without prejudice for reasons unrelated to the false notarization jurat. He refiled the action in October 2003.

{¶ 9} In May 2004, Ohio Edison's attorney filed the grievance underlying relator's complaint while Prudential's suit against Ohio Edison was still pending.

{¶ 10} From this evidence, the board adopted the panel's findings that respondent had violated DR 1–102(A)(4) by falsely stating in his notary's jurat that the three affiants had appeared before him and signed their affidavits.

## Sanction

{¶ 11} In recommending a sanction for this misconduct, the panel and board considered the aggravating and mitigating factors of respondent's case and found nothing that weighed in favor of a sanction more onerous than the proposed public reprimand. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on

Grievances and Discipline. The board did, however, note the harm caused to the perception that the official act of a notary public is worthy of the public's trust.

{¶ 12} In mitigation, the board found that respondent had no prior disciplinary record and had cooperated fully during the disciplinary proceedings. Moreover, respondent submitted many letters extolling his good character and professional reputation.

{¶ 13} The board also found mitigating that respondent had not acted in self-interest and had tried to rectify his wrongdoing by obtaining confirmation that the affiants' signatures were genuine. The board also noted, however, that though respondent's efforts may have been sufficient to overcome an objection in court to the filed affidavits, the fact of the falsified notary's jurat remained unchanged.

{¶ 14} Relator advocated the public reprimand. Respondent urged a dismissal, arguing that he had cured his violation of the Disciplinary Rule. Consistent with the panel's report, the board recommended that respondent be publicly reprimanded. Respondent has not objected to the board's report.

### Review

{¶ 15} We agree that respondent violated DR 1–102(A)(4) and that a public reprimand is warranted.

{¶ 16} In *Columbus Bar Assn. v. Dougherty,* 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094, we publicly reprimanded a lawyer for avoiding the requirements of a notary jurat for her convenience. Respondent committed this infraction several times, but he also tried to promptly right each of the wrongs he committed. We find this and his lack of a disciplinary record, his apparent good character and reputation, and his cooperation mitigating enough to avoid any suspension of his license to practice.

{¶ 17} Respondent is therefore publicly reprimanded for his violation of DR 1–102(A)(4). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

--------

Comstock, Springer & Wilson, Co., L.P.A., David C. Comstock Jr., and Ronald E. Slipski, for relator.

Guarnieri & Secrest, P.L.L., and Michael D. Rossi, for respondent.