DISCIPLINARY COUNSEL *v.* FREEDMAN.

[Cite as *Disciplinary Counsel v. Freedman,*
110 Ohio St.3d 284, 2006-Ohio-4480.]

(No. 2006–0067—Submitted March 15, 2006—Decided September 13, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Howard Joel Freedman of Chagrin Falls, Ohio, Attorney Registration No. 0016247, was admitted to the practice of law in Ohio in 1970.

{¶ 2} On December 6, 2004, relator, Disciplinary Counsel, charged respondent with having allowed improper notarization of his wife's signature on loan documents and with having thereby violated the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline held a hearing at which respondent testified and stipulations and exhibits were submitted. The panel made findings of misconduct, which the board adopted, and a recommendation, which the board modified, recommending a more lenient sanction.

## Misconduct

{¶ 3} Respondent practices in commercial-real-estate and business law. In 2002, respondent obtained a $70,000 loan from JAAL, Inc. The loan was secured by a second mortgage on property in Pepper Pike, Ohio, that respondent co-owned with his wife, Rita Montlack. The loan terms also required respondent to sign a cognovit note and to execute with his wife a quitclaim deed transferring the property to JAAL in case of default.

{¶ 4} The mortgage instrument and deed required respondent's and Montlack's notarized signatures, and the jurat on each document applied to authenticate both signatures. On April 21, 2002, respondent asked Lorna J. Fried, an associate attorney in his office who routinely acted as a notary for him, to notarize the signatures. Respondent signed the mortgage and deed, but he left blank the signature lines for his wife's name. Fried notarized both documents. Fried filed an affidavit in this case stating that she had trusted that respondent would not

ask her to improperly notarize a document, and therefore she did not examine the jurat language and did not realize that she was notarizing Montlack's signature despite the fact that it did not appear on either the mortgage or the deed.

{¶ 5} After Fried notarized the mortgage and deed, respondent signed Montlack's name on both documents. Respondent and JAAL consummated the loan, and in April 2002, JAAL recorded the mortgage on the Pepper Pike property.

{¶ 6} In November 2002, Montlack filed for divorce, and her complaint included JAAL as a defendant. JAAL counterclaimed, attempting to establish that Montlack's one-half interest in the Pepper Pike property was encumbered by JAAL's lien. In reply, Montlack alleged that she had not authorized respondent to sign the mortgage or the quitclaim deed on her behalf and that her purported signatures were forgeries. In November 2003, however, Montlack signed an affidavit to the effect that she had "authorized and/or ratified" respondent's signing her name on the mortgage and deed and waived all claims and defenses she had concerning the execution of those documents.

{¶ 7} Respondent eventually defaulted on the first and second mortgages on the Pepper Pike property, and in March 2003, JAAL obtained a judgment against him for $72,275 plus interest. The property was sold in a foreclosure sale, but the proceeds were insufficient to satisfy any of JAAL's judgment.

{¶ 8} At the panel hearing, respondent testified that although he did not have his wife's specific authority to sign the JAAL mortgage and quitclaim deed, she had always allowed him to sign financial documents for her prior to this transaction and he thought he had signed with her consent. Respondent also claimed that his wife did not suffer financially from the transaction because she is not responsible for the debt to JAAL and they would have lost the Pepper Pike property anyway due to financial problems.

{¶ 9} The board did not find any misconduct with respect to respondent's signing the documents on Montlack's behalf. Respondent stipulated and the board found, however, that by having the mortgage and deed notarized improperly, respondent had violated DR 1–102(A)(4) (prohibiting conduct involving fraud, deceit, dishonesty, or misrepresentation) and 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice).

### Recommended Sanction

{¶ 10} In recommending a sanction for this misconduct, the panel and board weighed the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Both found an aggravating factor in that respondent had acted with a dishonest motive. BCGD Proc.Reg. 10(B)(1)(b).

{¶ 11} In mitigation, the panel and board found that respondent had no prior record of professional discipline and was very cooperative and forthcoming throughout the disciplinary process. BCGD Proc.Reg. 10(B)(2)(a) and (d). Respondent also had expressed genuine remorse, sadness, and embarrassment over his misconduct, especially because he had involved Fried in it. The panel and board further found that respondent is of good character, has a fine professional reputation, and is very active in the community, including serving on the Cleveland Bar Association's real-estate-law committee and the boards of several nonprofit organizations.

{¶ 12} The parties jointly recommended a public reprimand, citing precedent that they believed supported that sanction. The panel determined that the cases cited by the parties were distinguishable from this case, observing that those cases had involved technical violations of a notary public's responsibilities, whereas respondent had intentionally had the mortgage and deed notarized improperly. Finding respondent's misconduct to be more egregious than the misconduct in the cited cases, the panel recommended that respondent's license to practice be suspended for six months, but that the suspension be stayed provided that respondent commit no further misconduct and that respondent be placed on probation for one year.

{¶ 13} The board recommended that respondent receive a public reprimand for his violations of DR 1–102(A)(4) and (6).

Review

{¶ 14} We agree that respondent violated DR 1–102(A)(4) and (6), as found by the board. For the reasons cited by the panel, however, we hold that a stayed six-month suspension is the appropriate sanction in this case.

{¶ 15} In *Mahoning Cty. Bar Assn. v. Melnick*, 107 Ohio St.3d 240, 2005-Ohio-6265, 837 N.E.2d 1203, and *Columbus Bar Assn. v. Dougherty*, 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094, we publicly reprimanded lawyers who avoided for their convenience the requirements of proper notarization. The lawyer in *Dougherty* notarized a signature on a liquor-permit application without witnessing the signing. The lawyer in *Melnick* committed similar misconduct with respect to several signatures.

{¶ 16} Respondent did not simply circumvent for convenience the notarization requirements. He took advantage of Fried's carelessness and consciously signed Montlack's name to the documents after they had been notarized. Though respondent had his wife's authority to act on her behalf, his misconduct nevertheless required JAAL to defend against allegations in Montlack's divorce action.

{¶ 17} Respondent is therefore suspended from the practice of law in Ohio for six months; however, the suspension is stayed on the condition that respondent

commit no further misconduct during the six-month stay. If respondent violates the condition of the stay, the stay will be lifted, and respondent shall serve the entire six-month suspension.

{¶ 18} Costs are taxed to respondent.

Judgment accordingly.

RESNICK, PFEIFER, O'DONNELL and LANZINGER, JJ., concur.

MOYER, C.J., LUNDBERG STRATTON and O'CONNOR, JJ., concur in judgment.

---

**O'CONNOR, J., concurring in judgment.**

{¶ 19} I concur in judgment but write separately to clarify that the misconduct that respondent engaged in was in fact contrary to law and may have caused the mortgage to be invalid.

{¶ 20} A mortgage must be signed by the mortgagor or mortgagors and acknowledged before a judge, clerk of court, county auditor, county engineer, notary public, or mayor for certification. R.C. 5301.01(A). In the instant matter, the mortgage was not signed by one of the mortgagors, respondent's wife. Rather, her name was signed on her behalf by the co-mortgagor, respondent, in violation of R.C. 5301.01(A). There is no procedure in the Revised Code to give authority to sign a mortgage on another's behalf other than a valid power of attorney.

{¶ 21} R.C. 5309.74 states: "Before any person can convey, transfer, charge, or deal with any registered land, or any interest therein, as an attorney in fact for another, the deed or instrument empowering such person to so act shall be filed with the county recorder, and a memorial thereof entered upon the registered certificate of title giving the exact time of the filing." Further, R.C. 1337.04 requires that "[a] power of attorney for the conveyance, mortgage, or lease of an interest in real property must be recorded in the office of the county recorder of the county in which such property is situated, previous to the recording of a deed, mortgage, or lease by virtue of such power of attorney."

{¶ 22} Although the majority suggests that respondent had authority to sign the documents on his wife's behalf, simple authority is insufficient. Real property conveyances, including mortgages, require a recorded power of attorney before one may sign for another. R.C. 5309.74 and 1337.04. A failure to properly acknowledge a mortgage may result in its being unenforceable against third parties. *Citizens Natl. Bank in Zanesville v. Denison* (1956), 165 Ohio St. 89, 95, 59 O.O. 96, 133 N.E.2d 329.

{¶ 23} Therefore, respondent's actions constituted no light matter. However, I believe that the sanction imposed is appropriate in the particular circumstances of this case and thus concur in the judgment.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing opinion.

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, for relator.

Howard Joel Freedman, pro se.