COLUMBUS BAR ASSOCIATION *v.* CRAIG.

[Cite as *Columbus Bar Assn. v. Craig,* 131 Ohio St.3d 364, 2012-Ohio-1083.]

*Attorney misconduct, including failing to keep client reasonably informed and engaging in conduct involving dishonesty—Public reprimand.*

(No. 2011-1721—Submitted November 16, 2011—Decided March 20, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-040.

_____

**Per Curiam**.

{¶ 1} Respondent, Steve A. Craig of Columbus, Ohio, Attorney Registration No. 0011244, was admitted to the practice of law in Ohio in 1976. On April 11, 2011, relator, Columbus Bar Association, charged Craig with professional misconduct arising from his forging a client's signature on an affidavit of transfer on death, notarizing that signature, and then filing the document with the Franklin County Recorder's Office.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 3} In the parties' consent-to-discipline agreement, Craig stipulates to the facts as alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep his client reasonably informed about the status of a matter), 4.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact or law), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Relator has agreed to dismiss alleged violations of Prof.Cond.R. 1.1 (requiring a

lawyer to provide competent representation to a client) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} The parties stipulated that no aggravating factors exist and that mitigating factors include the absence of a prior disciplinary record, absence of a selfish motive, a timely good-faith effort to rectify the consequences of the misconduct, full and free disclosure and a cooperative attitude toward the disciplinary proceedings, and Craig's good character and reputation aside from the charged misconduct. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), and (e). Based upon these substantial mitigating factors, the parties have stipulated that a public reprimand is the appropriate sanction for Craig's misconduct.

{¶ 5} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11, and they recommend that we adopt the agreement in its entirety. We agree that Craig violated Prof.Cond.R. 1.4(a)(3), 4.1(a), and 8.4(c) and that, consistent with the parties' agreement, this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 6} Accordingly, Craig is hereby publicly reprimanded for his violation of Prof.Cond.R. 1.4(a)(3), 4.1(a), and 8.4(c). Costs are taxed to Craig.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel; and Robert D. Erney, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Christopher J. Weber, for respondent.

_____