[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Flowers,* Slip Opinion No. 2014-Ohio-2123.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2123

DISCIPLINARY COUNSEL *v.* FLOWERS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Flowers,* Slip Opinion No. 2014-Ohio-2123.]**

*Attorneys—Misconduct—Engaging in conduct that adversely reflects on a lawyer's fitness to practice law—Engaging in conduct prejudicial to the administration of justice—Public reprimand.*

(No. 2013-1621—Submitted November 6, 2013—Decided May 28, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2013-031.

_____

**Per Curiam**.

{¶ 1}  Respondent, Janice Marie Flowers of Columbus, Ohio, Attorney Registration No. 0074318, was admitted to the practice of law in Ohio in 2001. On May 13, 2013, relator, disciplinary counsel, charged Flowers with professional misconduct after Flowers, on two separate occasions and with her client's

permission, signed her client's name to five affidavits and then improperly notarized the client's purported signatures on the affidavits.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 3} In the consent-to-discipline agreement, Flowers stipulates to the facts alleged in relator's complaint and agrees that her conduct violated Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} The parties stipulate that mitigating factors include the absence of a prior disciplinary record and Flowers's cooperative attitude in the disciplinary proceeding. *See* BCGD Proc.Reg. 10(B)(2)(a) and (d). The parties agree that there are no aggravating factors. Based upon these factors, the parties stipulate that a public reprimand is the appropriate sanction for Flowers's misconduct.

{¶ 5} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. In support of this recommendation, the panel and board refer to *Disciplinary Counsel v. Mezacapa*, 101 Ohio St.3d 156, 2004-Ohio-302, 803 N.E.2d 397 (a public reprimand was the appropriate sanction for an attorney who signed a client's name on an affidavit with the client's permission and then notarized the signature as that of the client); *Cincinnati Bar Assn. v. Thomas*, 93 Ohio St.3d 402, 754 N.E.2d 1263 (2001) (same); *Mahoning Cty. Bar Assn. v. Melnick,* 107 Ohio St.3d 240, 2005-Ohio-6265, 837 N.E.2d 1203 (a public reprimand was the appropriate sanction for an attorney who notarized signatures on three affidavits even though he had not complied with the jurat representation that the signatures were sworn to and subscribed in his presence). We agree that

Flowers violated Prof.Cond.R. 8.4(d) and 8.4(h) and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement.

**{¶ 6}** Accordingly, Flowers is publicly reprimanded. Costs are taxed to Flowers.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Donald Scheetz, Assistant Disciplinary Counsel, for relator.

James E. Arnold & Associates, L.P.A., and Alvin E. Mathews Jr., for respondent.

_____