**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Warren Cty. Bar Assn. v. Clifton,* **Slip Opinion No. 2016-Ohio-5587.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5587

WARREN COUNTY BAR ASSOCIATION *v*. CLIFTON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Warren Cty. Bar Assn. v. Clifton,* Slip Opinion No. 2016-Ohio-5587.]**

*Attorneys—Misconduct—Alteration of client's will after it was executed but before it was filed with probate court—Altered provision did not affect any of the distributive or appointive provisions of the estate-planning documents— Knowingly making false statement to tribunal—Conduct involving dishonesty, fraud, deceit, or misrepresentation—Public reprimand.*

(No. 2016-0258—Submitted April 5, 2016—Decided September 1, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-040.

_____

**Per Curiam.**

{¶ 1} Respondent, Parker Lee Clifton of Crestview Hills, Kentucky, Attorney Registration No. 0081815, was admitted to the practice of law in Ohio in 2007.

{¶ 2} In a June 12, 2015 complaint, relator, Warren County Bar Association, charged Clifton with multiple violations of the Rules of Professional Conduct arising from his alteration of a client's will after it was executed but before it was filed with the probate court. Clifton waived a determination of probable cause by the Board of Professional Conduct. In his answer to relator's complaint, he admitted most of the factual allegations but denied that his conduct violated the Rules of Professional Conduct.

{¶ 3} On December 4, 2015, the parties submitted stipulations of fact, misconduct, and mitigation. Relator withdrew its charges as to four alleged rule violations, and the parties jointly recommended that Clifton be publicly reprimanded for his misconduct. After hearing Clifton's testimony, the panel issued a report adopting the parties' stipulations of fact and misconduct and their recommended sanction. The board adopted the panel's report in its entirety.

{¶ 4} We adopt the board's findings of fact and conclusions of law, and we publicly reprimand Clifton for his misconduct.

## Misconduct

{¶ 5} Frank Henry had three children: Franklin Henry, Joanna Davis, and Steven Henry. In March 2012, Frank and Franklin met with Clifton to discuss the preparation of estate-planning documents for Frank. After that meeting, Clifton prepared a trust-intake sheet, but he inadvertently failed to list Joanna as one of Frank's children. Clifton then used the trust-intake sheet to prepare a pour-over will. Consistent with Frank's wishes, the will designated Franklin as executor of the estate and directed that Frank's probate estate be distributed into the Frank E. Henry Family Preservation Trust. The will—like the intake sheet—failed to

identify Joanna Davis as one of Frank's children. This omission had no effect on any of the distributive or appointive provisions of the estate-planning documents because Frank's intention was to leave his entire estate to Franklin. The trust documents designated Franklin as the trust's sole beneficiary, designated Steven as a contingent beneficiary, and did not mention Joanna.

{¶ 6} Frank signed the will on April 2, 2012, without noticing the inadvertent omission of his daughter's name from the list of his children on the will's first page, and no one noticed the omission before Frank passed away on February 1, 2013. Clifton first noticed the omission of Joanna's name after Franklin retained him to probate Frank's estate in May 2013. Before filing documents with the probate court, and without consulting with Franklin, Clifton altered the first page of the will so that it identified all three of Frank Henry's children. He did not disclose the alteration to Joanna or Steven.

{¶ 7} On August 12, 2013, Clifton prepared and both he and Franklin signed an application to probate the will. The altered will was attached to that application and filed in the Warren County Probate Court. Nothing in the filing disclosed to the court Clifton's alteration of the will. Because Joanna possessed a copy of the original, unaltered will, her counsel questioned Clifton about the will that had been admitted to probate. Thereafter, Clifton moved the court to withdraw as counsel for the executor. In his motion to withdraw, he fully disclosed to the probate court that he had added Joanna Davis's name to the first page of the will, stated his reasons for making the alteration, and explained that he sought to withdraw so that he could provide testimony regarding the alteration. Clifton also self-reported his misconduct in a January 12, 2015 letter to relator.

{¶ 8} At his disciplinary hearing, in response to a question from his counsel about his reaction upon discovering that he had made an error in failing to list all of Frank's children on the first page of the will, Clifton testified about why he altered it:

Obviously frustration. I think embarrassment. I have had another case—I do some estate administration. I had a case where—it was probably six months prior to this, maybe longer—but where it was a similar type of will, not one that I drafted, and it was submitted with incorrect family information, ended up causing a lot of confusion with the Court. And I was, I guess, being selfish in trying to stay ahead of that confusion.

**{¶ 9}** On these facts, the board found that by altering Frank Henry's will to correct a previous error, Clifton violated Prof.Cond.R. 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal) and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). We adopt the board's findings of fact and misconduct.

## Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

**{¶ 11}** The board found that there are no aggravating factors present in this case. *See* Gov.Bar R. V(13)(B)(1) through (9). As mitigating factors, however, the board adopted the parties' stipulations that Clifton has no prior disciplinary record, made a good-faith effort to rectify the consequences of his misconduct by disclosing it to the probate court and moving to withdraw as counsel, made full and free disclosure of his actions to the board, and presented evidence of his good character and reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(1), (3), (4), and (5). However, the board rejected the parties' stipulation

4

that Clifton acted without a selfish motive, given his candid testimony that he did act with a selfish motive.  *See* Gov.Bar R. V(13)(C)(2).

{¶ 12} In adopting the parties' recommendation that Clifton be publicly reprimanded for his misconduct, the board noted that the alteration Clifton made to Frank Henry's will was a single misrepresentation to a court and that it did not change the outcome of the probate matter.  The board also found that Clifton's cooperation and remorseful attitude during the hearing demonstrated that he understood the severity of his misconduct and would not repeat it.  Having reviewed the cases cited by the parties, the board found Clifton's conduct to be most closely aligned with three cases in which we publicly reprimanded attorneys who improperly signed other persons' names to written instruments and then falsely notarized those instruments before submitting them for recording or for use in court proceedings.  *See Columbus Bar Assn. v. Craig*, 131 Ohio St.3d 364, 2012-Ohio-1083, 965 N.E.2d 287 (publicly reprimanding an attorney who forged a client's signature on an affidavit of transfer on death, notarized the false signature, then filed the affidavit with the county recorder's office); *Disciplinary Counsel v. Mezacapa*, 101 Ohio St.3d 156, 2004-Ohio-302, 803 N.E.2d 397   (publicly reprimanding an attorney who signed a client's name to an affidavit with the client's authorization and notarized the signature as his client's own before filing it in a custody proceeding); and *Disciplinary Counsel v. Wilson*, 142 Ohio St.3d 439, 2014-Ohio-5487, 32 N.E.3d 426 (publicly reprimanding an attorney who signed the name of her granddaughter's mother to an affidavit, notarized the document without noting that she had signed it with the affiant's authorization, and then filed the document in a guardianship proceeding).

{¶ 13} Having thoroughly reviewed the record and considered Clifton's misconduct, the relative absence of aggravating factors, the applicable mitigating factors, and the sanctions that we have imposed in comparable cases, we find that a public reprimand is the appropriate sanction in this case.

**{¶ 14}** Accordingly, Parker Lee Clifton is hereby publicly reprimanded for the misconduct described herein.  Costs are taxed to Clifton.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Kenneth E. Peller, for relator.

Montgomery, Rennie & Jonson Co., L.P.A., George D. Jonson, and Brian M. Spiess, for respondent.

_____