TO BE PUBLISHED
**Supreme Court of Kentucky**
2016-SC-000476-KB
FINAL
DATE 12/28/16 _Kim Redman_, DC

KENTUCKY BAR ASSOCIATION                                         MOVANT

V.                              IN SUPREME COURT

PARKER LEE CLIFTON                                            RESPONDENT

## OPINION AND ORDER

Respondent, Parker Lee Clifton, is licensed to practice law in Kentucky and Ohio. In September 2016, Clifton was publicly reprimanded by the Supreme Court of Ohio. *See Warren Cty. Bar Assn. v. Clifton,* __ N.E.3d __, 2016-Ohio-5587, 2016 WL 4553838 (Ohio 2016). The Kentucky Bar Association's Office of Bar Counsel has filed a petition for reciprocal discipline under SCR 3.435.

Clifton's bar roster address is 2734 Chancellor Drive, Suite 201, Crestview Hills, Kentucky 42027, and he was admitted to the practice of law in the Commonwealth of Kentucky on October 2, 2013. His KBA Member Number is 95790.

Clifton was found to have committed misconduct in a probate matter in Ohio. The Ohio Supreme Court described the misconduct as follows:

> Frank Henry had three children: Franklin Henry, Joanna Davis, and Steven Henry. In March 2012, Frank and Franklin met with Clifton to discuss the preparation of estate-planning documents for Frank. After that meeting, Clifton prepared a trust-

intake sheet, but he inadvertently failed to list Joanna as one of Frank's children. Clifton then used the trust-intake sheet to prepare a pour-over will. Consistent with Frank's wishes, the will designated Franklin as executor of the estate and directed that Frank's probate estate be distributed into the Frank E. Henry Family Preservation Trust. The will—like the intake sheet—failed to identify Joanna Davis as one of Frank's children. This omission had no effect on any of the distributive or appointive provisions of the estate-planning documents because Frank's intention was to leave his entire estate to Franklin. The trust documents designated Franklin as the trust's sole beneficiary, designated Steven as a contingent beneficiary, and did not mention Joanna.

Frank signed the will on April 2, 2012, without noticing the inadvertent omission of his daughter's name from the list of his children on the will's first page, and no one noticed the omission before Frank passed away on February 1, 2013. Clifton first noticed the omission of Joanna's name after Franklin retained him to probate Frank's estate in May 2013. Before filing documents with the probate court, and without consulting with Franklin, Clifton altered the first page of the will so that it identified all three of Frank Henry's children. He did not disclose the alteration to Joanna or Steven.

On August 12, 2013, Clifton prepared and both he and Franklin signed an application to probate the will. The altered will was attached to that application and filed in the Warren County Probate Court. Nothing in the filing disclosed to the court Clifton's alteration of the will. Because Joanna possessed a copy of the original, unaltered will, her counsel questioned Clifton about the will that had been admitted to probate. Thereafter, Clifton moved the court to withdraw as counsel for the executor. In his motion to withdraw, he fully disclosed to the probate court that he had added Joanna Davis's name to the first page of the will, stated his reasons for making the alteration, and explained that he sought to withdraw so that he could provide testimony regarding the alteration. Clifton also self-reported his misconduct in a January 12, 2015 letter to relator.

*Clifton*, __ N.E. 3d at __, 2016-Ohio-5587, ¶¶ 5–7.

Based on this conduct, Clifton was found to have violated two of Ohio's

Rules of Professional Conduct: Rule 3.3(a)(1), which prohibits a lawyer from

knowingly making a false statement of fact or law to a tribunal; and Rule 8.4(c),

which prohibits a lawyer from engaging in dishonesty, fraud, deceit, or

2

misrepresentation. These rules are substantially similar to Kentucky's Rules of Professional Conduct 3.3(a)(1) and 8.4(c). The Ohio Supreme Court concluded that a public reprimand was the appropriate sanction for Clifton's misconduct. Clifton's counsel subsequently reported this disciplinary action to the Kentucky Bar Association.

Under Kentucky Supreme Court Rule 3.435(4), a lawyer shall be subject to identical discipline in the Commonwealth of Kentucky "unless [he] proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that the misconduct established warrants substantially different discipline in this State." SCR 3.435(4)(a)–(b). Although he was given the opportunity to make these showings, Clifton did not do so, having failed to respond to this Court's show-cause order. Moreover, this Court sees no reason why Clifton should not be subjected to identical discipline in this state.

**Order**

Seeing no reason why Clifton should not be subjected to identical discipline in this state under SCR 3.435, it is hereby ORDERED that:

1.    The Kentucky Bar Association's petition for reciprocal discipline is GRANTED. Respondent, Parker Lee Clifton, is publicly reprimanded.

2.    In accordance with SCR 3.450, Clifton is directed to pay any costs associated with these disciplinary proceedings against him, should

there be any, and execution for such costs may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 15, 2016.

_____
CHIEF JUSTICE