[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Moore,* Slip Opinion No. 2017-Ohio-883.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-883

DISCIPLINARY COUNSEL *v.* MOORE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Moore,* Slip Opinion No. 2017-Ohio-883.]**

*Attorneys—Misconduct—Knowingly making a false statement to a tribunal—Public reprimand.*

(No. 2016-1160—January 11, 2017—Decided March 15, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-003.

_____

**Per Curiam.**

{¶ 1} Respondent, Amy Michelle Moore, of Westerville, Ohio, Attorney Registration No. 0077647, was admitted to the practice of law in Ohio in 2004.

{¶ 2} In a June 8, 2016 second amended complaint, relator, disciplinary counsel, alleged that Moore had violated Prof.Cond.R. 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal) by

signing a client's name to an affidavit without indicating that the signature was not the client's or that she had signed the client's name with the client's authorization, notarizing that signature as the client's, and then filing it in court. The parties submitted joint stipulations in which Moore admitted to the charged misconduct and the parties agreed that five mitigating factors and no aggravating factors are present. The parties jointly recommended that Moore be publicly reprimanded for her misconduct and moved the panel to waive the hearing in this matter.

{¶ 3} A panel of the Board of Professional Conduct granted the parties' motion to waive the hearing and adopted the parties' stipulations and recommended sanction. The board adopted the panel's report in its entirety. We adopt the board's report and publicly reprimand Moore for her misconduct.

**Misconduct**

{¶ 4} The parties stipulated and the board found that in April 2013, Beth Cochran hired Moore to represent her in a child-custody matter involving Cochran's granddaughter. Cochran told Moore that she had concerns about the child's safety while she was in the care of her parents. Believing the situation Cochran described was serious and urgent, Moore prepared a motion for emergency custody and an affidavit supporting the motion. Moore signed Cochran's name to the affidavit without indicating either that the signature was not Cochran's or that she had signed Cochran's name with Cochran's authorization. She then notarized her signing of Cochran's name, falsely representing that it had been "sworn to and subscribed in" her presence by Cochran. Moore filed the motion and affidavit in the Knox County Juvenile Court on May 1, 2013. The parties stipulated and the board found that by engaging in this conduct, Moore knowingly made a false statement of fact or law to a tribunal in violation of Prof.Cond.R. 3.3(a)(1). We adopt the board's findings of fact and misconduct.

2

**Sanction**

{¶ 5} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 6} The parties stipulated and the board found that no aggravating factors are present. *See* Gov.Bar R. V(13)(B). They agreed that the applicable mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Moore's full and free disclosure of her actions, her acknowledgment of her misconduct, her cooperative attitude in the disciplinary proceedings, and her good character and reputation—as demonstrated by 18 character letters from current and former judges and magistrates, colleagues, and clients. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5).

{¶ 7} The board adopted the parties' joint recommendation that Moore be publicly reprimanded for her misconduct. In support of this sanction, the parties and the board noted that we have publicly reprimanded attorneys for similar acts of misconduct—including one case in which the attorney engaged in multiple acts of similar misconduct and another in which the attorney also encouraged her client to lie to the court about who had signed the client's name on the affidavit. *See Disciplinary Counsel v. Mezacapa*, 101 Ohio St.3d 156, 2004-Ohio-302, 803 N.E.2d 397 (publicly reprimanding an attorney who, with the permission of his client, signed the client's name to an affidavit and notarized the signature as the client's own without indicating that he had signed it on the client's behalf); *Disciplinary Counsel v. Flowers*, 139 Ohio St.3d 338, 2014-Ohio-2123, 11 N.E.3d 1174 (publicly reprimanding an attorney who, on two separate occasions and with her client's permission, signed her client's name to five affidavits and then improperly notarized the client's purported signatures); *Disciplinary Counsel v. Wilson*, 142 Ohio St.3d 439, 2014-Ohio-5487, 32 N.E.3d 426 (publicly

reprimanding an attorney who signed the name of her granddaughter's mother to an affidavit without noting that she had signed it with the affiant's authorization, filed it in court, and encouraged the affiant to claim the signature as her own).

{¶ 8} Having considered Moore's misconduct, the applicable aggravating and mitigating factors, and the sanctions imposed for comparable misconduct, we agree that the appropriate sanction in this case is a public reprimand.

{¶ 9} Accordingly, Amy Michelle Moore is hereby publicly reprimanded for violating Prof.Cond.R. 3.3(a)(1).  Costs are taxed to Moore.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

————————————

Scott J. Drexel, Disciplinary Counsel, and Jennifer A. Bondurant, Assistant Disciplinary Counsel, for relator.

Charles J. Kettlewell, L.L.C., and Charles J. Kettlewell, for respondent.

————————————